(158 App. Div. 473.)

# In re RICH.

(Supreme Court, Appellate Division, First Department.   October 10, 1913.)

ATTORNEY AND CLIENT (§ 44*)—MISCONDUCT—DISBARMENT.

Where an attorney misappropriated $250 collected for a firm which was his client, and also a mortgage for $2,000, assigned to him for collection, he was guilty of professional misconduct rendering him subject to suspension, though such misappropriation was consented to by one of the members of the firm, while it was in financial difficulties, such member sharing in the proceeds of the misappropriation.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

Proceedings by the New York County Lawyers' Association for the disbarment of Maurice B. Rich, an attorney.   Suspended from practice for one year.

See, also, 150 App. Div. 925, 135 N. Y. Supp. 1138.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Hiram Thomas, of New York City, for petitioner.

Isador Goetz, of New York City, for respondent.

INGRAHAM, P. J.   The respondent is charged with having misappropriated $250 collected for his clients, and also a mortgage for $2,000 assigned to him for collection.   The proceeding was referred to one of the official referees, who after a most thorough investigation has reported that the charges are sustained by the evidence.

The report is so full and satisfactory that it is not necessary to restate the facts.   The referee had the witness before him and heard the explanation of the respondent.   It is established that, when the firm of Van Bergen & Co. were found to be in financial difficulties in the fall of 1907, the respondent, who had been their attorney, and one Bronk, who was a member of that firm, undertook to secure what they could for their joint benefit, and the transactions detailed by the referee were put through for that purpose.   Bronk was willing to let respondent get all he could, and the payments by respondent to Bronk were to carry out this agreement.   It is clear that, as to the other partners, the assignment of the Rappaport mortgage mentioned was not intended to vest the ownership in the respondent for his own benefit. That Bronk was willing that respondent should get the mortgage is explained by the fact that respondent was to pay him a proportion of the amount realized.   This is shown by the letter of respondent to Bronk, inclosing the check for $18, and the letter of respondent to Van Bergen.   These letters, and the statements made by the respondent to the receiver appointed in the bankruptcy proceeding, are inconsistent with his present position.   We therefore adopt the report of the official referee.

The respondent acted with the consent of Bronk, one of his clients, and that, in view of his youth and inexperience, justifies us in not in- · flicting the full penalty of disbarment; but the respondent was guilty

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of professional misconduct which cannot be overlooked, and he is therefore suspended from practice for one year, and until the further order of this court, with leave to apply for reinstatement at ·the expiration of said period, upon proof that he has actually abstained from practice during that period and has otherwise properly conducted himself.

There was also submitted with the motion on the report of the official referee an application to order a rehearing. The respondent obtained from Van Bergen an affidavit which to some extent qualifies his evidence before the referee; but the main facts relied on by the referee are not involved, and Van Bergen's explanation as to the method adopted by the respondent in procuring this affidavit rids it of any force.

That application is therefore denied. All concur.